UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD P.,

                    Plaintiff,

    v.                                                                              6:22-CV-1022
                                                                                    (GLS/DJS)
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
_____

**APPEARANCES:**                                 **OF COUNSEL:**

LAW OFFICE OF STEVEN R. DOLSON PLLC    STEVEN R. DOLSON, ESQ.
Attorney for Plaintiff
6320 Fly Road; Suite 201
East Syracuse, New York 13057

OFFICE OF THE GENERAL COUNSEL          GEOFFREY M. PETERS, ESQ.
Attorney for Defendant
6401 Security Boulevard
Baltimore, Maryland 21235

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security that Plaintiff was not disabled. Currently before the Court are Plaintiff's Motion for Judgment on the Pleadings and Defendant's Motion for Judgment on the Pleadings. Dkt. Nos. 7 & 9. For the reasons set forth below, it is recommended that Plaintiff's Motion for Judgment on the Pleadings be denied and Defendant's Motion be granted.

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. §636(b) and N.D.N.Y.L.R. 72.3(e).

# I. RELEVANT BACKGROUND

## A. Background

Plaintiff was born in 1966. Dkt. No. 6, Admin. Tr. ("Tr."), p. 235. Plaintiff reported completing four or more years of college and has past work experience as a financial analyst and financial planning manager. Tr. at p. 205. Plaintiff alleges disability based upon psoriatic arthritis, fibromyalgia, anxiety, depression, and chronic tension headaches. Tr. at p. 204. Plaintiff applied for disability and disability insurance benefits on February 4, 2020. Tr. at p. 13. He alleged a disability onset date of May 15, 2015, but later amended his alleged onset date to February 20, 2019. Tr. at pp. 15, 30, 211. His application was initially denied in October 2020 and again upon reconsideration in March 2021. *See* Tr. at p.13. Plaintiff requested a hearing and appeared before Administrative Law Judge ("ALJ") Jeremy G. Eldred on July 2, 2021. Tr. at pp. 26-44. On July 16, 2021, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act. Tr. at pp. 13-21. On August 15, 2022, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Tr. at pp. 1-6.

## B. The ALJ's Decision

In his decision, the ALJ made the following findings of fact and conclusions of law. First, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2020. Tr. at p. 15. Second, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the period between his alleged onset date and his date last insured. *Id.* Third, the ALJ found that Plaintiff had the following severe impairments: psoriatic arthritis and fibromyalgia. *Id.* Fourth, the ALJ found that Plaintiff did not have an impairment

2

or combination of impairments that met or medically equaled one of the listed impairments required by 20 C.F.R. § 404, Subpart P, App. 1. Tr. at pp. 17-18. Fifth, the ALJ found that Plaintiff had the residual functional capacity ("RFC") "to perform the full range of sedentary work, as defined in 20 C.F.R. 404.1567(a)." Tr. at p. 18. Sixth, the ALJ found that Plaintiff could perform his past relevant work as a senior financial analyst. Tr. at pp. 20-21. The ALJ, therefore, concluded that Plaintiff was not disabled. Tr. at p. 21.

## II. RELEVANT LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B. Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age,

4

education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.  Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).  "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further."  *Barnhart v. Thompson,* 540 U.S. 20, 24 (2003).

### III. ANALYSIS

Plaintiff objects to the ALJ's alleged failure to create a logical bridge connecting the record to the RFC determination. Pl.'s Mem. of Law at pp. 5-8.  In particular, he objects to the failure of the ALJ to make an RFC finding despite allegedly finding "the only medical source statement of record, unpersuasive." *Id.* at p. 7.  The Court recommends finding no error.

RFC is defined as "what an individual can still do despite his or her limitations . . ..  Ordinarily, RFC is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis." *Pardee v. Astrue*, 631 F. Supp. 2d 200, 210 (N.D.N.Y. 2009) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)).  The ALJ determines the RFC by considering all the relevant medical and other evidence of record. C.F.R. §404.1545(a).  The ALJ found that Plaintiff had the RFC to perform the full range of sedentary work, with no limitations, during the relevant period.  Tr. at p. 18.  "It is the ALJ's responsibility to 'build an accurate and logical bridge from the evidence to [his] conclusion to enable meaningful review." *Arch v. Comm'r of Soc. Sec*., 2021 WL 4200719, at *12 (S.D.N.Y.

Aug. 3, 2021). The ALJ does not need to address every piece of evidence but must provide a glimpse into their reasoning. *Id.* "An [ALJ] may properly reject [subjective complaints] after weighing the objective medical evidence in the record, the claimant's demeanor, and other indicia of credibility, but must set forth his or her reasons 'with sufficient specific to enable us to decide whether the determination is supported by substantial evidence.'" *Lewis v. Apfel*, 62 F. Supp. 2d 648, 651 (N.D.N.Y. 1999) (quoting *Gallardo v. Apfel*, 1999 WL 185253, at *5 (S.D.N.Y. Mar. 25, 1999)).

The record contains three medical source opinions. One is from Dr. Marcellus Cephas and Alexander Eller, N.P.P., which addresses only Plaintiff's mental functioning. Tr. at pp. 640-644. The other two, one addressing Plaintiff's mental functioning and one addressing his physical functional abilities, are from Nurse Practitioner Jennifer Walther. Tr. at pp. 631-638. The ALJ specifically found Walther's opinions "not persuasive." Tr. at p. 20. That finding was based on the ALJ's conclusion that the "assessments are not well supported on their face and they are inconsistent with the information noted above from the medical evidence." *Id.* Plaintiff appears to argue that the ALJ's ultimate RFC finding is erroneous because having disregarded N.P. Walther's opinions, the ALJ improperly reached a conclusion without the benefit of any medical opinion. Pl.'s Mem. of Law at p. 7.

First, Plaintiff is factually incorrect that Walther's opinion was the only one in the record. Plaintiff claimed disability, in part, based on anxiety and depression, Tr. at p. 204, and the ALJ considered an opinion from medical providers treating him at New Hartford Psychiatric Services that found, among other things, that Plaintiff could "engage in full-time competitive employment on a sustained basis." Tr. at p. 644. The ALJ found that opinion consistent with

other objective medical evidence. Tr. at p. 20. The ALJ's opinion also clearly discredits N.P. Walther's contrary mental functioning assessment as unsupported by the record and inconsistent with the opinion of Dr. Cephas and N.P.P. Eller. *Id.* "[T]he ALJ is free to choose between conflicting, properly submitted, medical opinions." *Natalie S. v. Kijakazi*, 2022 WL 4290665, at *3 (N.D.N.Y. May 13, 2022), *report and recommendation adopted sub nom. Natalie A. S. v. Comm'r of Soc. Sec.*, 2022 WL 3273239 (N.D.N.Y. Aug. 10, 2022) (internal quotation omitted). Therefore, this claim is no basis for error.

Second, rejection of the opinions proffered by N.P. Walther with respect to Plaintiff's physical limitations is also not a basis for remand. N.P. Walther's May 27, 2021 opinion set forth significant physical limitations. N.P. Walther opined that Plaintiff could not sit for more than two hours per workday, walk more than two hours per workday, never stoop, and would be absent more than four days per month. Tr. at pp. 20, 631-34. The ALJ rejected the statements from Walther because her assessments were inconsistent with the information in the medical record and contrary to Plaintiff's own statements of his daily functioning. Tr. at p. 20. The ALJ's conclusion in this regard was well supported by the record.

For example, while Walther found that Plaintiff could sit for only twenty minutes at a time, Tr. at p. 632, Plaintiff reported that he could sit for "a couple of hours." Tr. at p. 219. Plaintiff also stated that he used a riding lawnmower to cut his grass which takes thirty minutes. Tr. at p. 37. Walther indicated that Plaintiff could never climb stairs, Tr. at p. 633, but Plaintiff himself reported that he had "no problems" with climbing stairs. Tr. at p. 219. These self-reported activities appear inconsistent with the significant physical limitations identified by Walther. Tr. at pp. 632-633. The ALJ was entitled to rely on "Plaintiff's activities of daily

living in considering the opinion evidence and assessing [his] RFC." *Miller v. Comm'r of Soc. Sec.*, 2023 WL 4363004, at *12 (S.D.N.Y. July 6, 2023). Further, the ALJ relied on medical records showing that Plaintiff's psoriatic arthritis and fibromyalgia were controlled with treatment. Tr. at p. 20. Medical records, for example, showed that Plaintiff's psoriatic arthritis was stable, and that medication had "significantly improved" his condition. Tr. at pp. 290 & 297.

The ALJ's specific rejection of Walther's opinion and his reliance of Plaintiff's own statements and medical records clearly provides ample explanation for his conclusions. An ALJ may rely on his own assessment of the evidence when formulating the RFC when the medical evidence shows relatively little physical impairment. *Brado v. Comm'r of Soc. Sec.*, 2017 WL 87042, at *5 (N.D.N.Y. Jan. 10, 2017). Here, there is little evidence that the impairments caused more than mild limitations nor does the evidence indicate that there is a more than minimal limitation in the Plaintiff's ability to do basic, sedentary work activities. The ALJ cited and relied upon medical evidence to support his conclusions. The ALJ's obligation to provide a logical bridge between the record and the RFC requires no more. *See Carl D. v. Comm'r of Soc. Sec.*, 2019 WL 5537627, at *8 (N.D.N.Y. Oct. 25, 2019) (noting the ALJ "is required to provide rationale in the written decision sufficient to allow this Court to conduct an adequate review of his findings").

Finally, while Plaintiff contends that the ALJ improperly cherry-picked information from the record, Pl.'s Mem. of Law at p. 8, what the record actually shows is that the ALJ fully evaluated the medical record and placed greater credence on objective clinical findings that were consistent with Plaintiff's own statements. Rather than cherry picking the record, this is

consistent with the ALJ's obligation to consider and resolve conflicts in the record. *See Rachel G. v. Comm'r of Soc. Sec.*, 2021 WL 4820640, at *4 (W.D.N.Y. Oct. 15, 2021) ("[T]he mere fact that the ALJ found some portions of these opinions to be consistent with the evidence as a whole while others to be inconsistent is not error, rather a proper execution of the ALJ's duty to weigh all evidence and resolve conflicts.").

### IV. CONCLUSION

**ACCORDINGLY**, it is

**RECOMMENDED**, that Plaintiff's Motion for Judgment on the Pleadings be **DENIED**; and it is further

**RECOMMENDED**, that Defendant's Motion for Judgment on the Pleadings be **GRANTED**; and it is further

**RECOMMENDED**, that Defendant's decision denying Plaintiff disability benefits be **AFFIRMED** and the case be **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court shall serve copies of this Report-Recommendation and Order on the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see*

*also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: December 20, 2023
       Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge